IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TOM JOHANSEN and SANDY JOHANSEN; BRETT ANDERSEN and MISTY ANDERSEN, in their individual capacities and as natural guardian for B.A.; JOHN JOHANSEN; JAMI JOHANSEN; and MARIE JOHANSEN,<br><br>Plaintiffs,<br><br>v.<br><br>NORANDA MINING, INC.; NORANDA EXPLORATION, INC.; POLYONE CORPORATION; ALUMET CORPORATION; BLACKBIRD MINING COMPANY, a Limited Partnership; INTALCO ALUMINUM CORPORATION; and PECHINEY METALS, LLC,<br><br>Defendants. | Case No. 4:10-cv-257-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is the Motion to Dismiss filed by Defendant Pechiney Metals, LLC (Dkt. 23). Plaintiff failed to timely respond to the motion. However, following a telephone scheduling conference in the case, and finding no prejudice to Defendant, the Court entered an order giving Plaintiff two days to file a response. Plaintiffs filed an opposition memorandum in keeping with the Court's deadline, and soon thereafter separately filed a Motion to Stay under Rule 56(f) (Dkt. 31) that referenced the opposition memorandum. Pechiney Metals filed a Reply regarding its Motion to Dismiss. Two

**MEMORANDUM DECISION & ORDER - 1**

weeks later, Plaintiffs filed a Reply to their own Motion to Stay, citing and attaching new information and documentation in support of Plaintiffs' position on either motion. For the following reasons the Court will grant a temporary stay, and allow Plaintiffs 60 days to conduct jurisdictional discovery.

## BACKGROUND

Plaintiffs are either prior residents or owners of property on Panther Creek in Lemhi County, Idaho, or spent significant time residing or visiting with relatives in the area. Plaintiffs brought this action for damages arising from or related to clean up of hazardous materials at the Blackbird Mine Site, a roughly 830 acre area of land in Lemhi County, Idaho. According to the Complaint (Dkt. 1), Defendants were charged with, or have undertaken cleanup activities at the Blackbird Mine Site. The Complaint asserts that Defendant Pechiney Metals is "named in one or more settlement documents pertaining to the Blackbird Mine Site," and that it has guaranteed obligations of Defendant Alumet, relating to the Blackbird Mine Site, by a separate agreement with the United States.

Pechiney Metals has moved to dismiss for lack of personal jurisdiction. In opposing the motion, Plaintiffs argue that Pechiney Metals, LLC was named as a party against whom Plaintiffs agreed to release claims as part of a settlement agreement reached in July 2009. *Higgins Aff.*, Dkt. 29-1, ¶ 5. Plaintiffs further assert that "Pechiney Corporation" was identified as a potentially responsible party in the EPA's First Five-Year Review of the Blackbird Mine Site, Lemhi County, Idaho, in 2008. Defendant counters that this evidence is insufficient to either demonstrate personal jurisdiction, or

warrant jurisdictional discovery. Treating Defendant's memorandum as a Response to their Motion to Stay, Plaintiffs have filed a Reply, to which they have attached apparently newly discovered evidence in support of their opposition to the motion to dismiss and their request for a stay.

## ANALYSIS

Plaintiffs have the burden of showing personal jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Where there is no applicable federal statute governing personal jurisdiction, such as here, the law of the state in which the district court sits applies. *Boschetto*, 539 F.3d at 1015. The Idaho Supreme Court has determined that Idaho's long-arm statute (Idaho Code § 5-514) allows a broader application of personal jurisdiction than permitted under the Due Process Clause of the United States Constitution. *See Smalley v. Kaiser*, 950 P.2d 1248 (Idaho 1997). Thus the Court need only consider whether exercising personal jurisdiction comports with due process.

The Court's exercise of personal jurisdiction is consistent with federal due process only if the defendant "has certain minimum contacts with the relevant forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc) (*quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotation marks omitted). Given the lack of any indication that Pechiney Metals has a substantial presence in the state, the relevant inquiry in this case is

whether Pechiney Metals' minimum contacts warrant the Court's exercise of specific jurisdiction over Defendant. *See Yahoo! Inc.*, 433 F.3d at 1205.

The Ninth Circuit analyzes specific jurisdiction according to a three-prong test: (1) the defendant must perform an act or consummate a transaction such that he "purposefully avails himself of the privilege of conducting activities in the forum;" (2) the claim must relate to or arise out of the defendant's activities in the forum; and (3) the court's exercise of jurisdiction must be reasonable. *See Yahoo! Inc.*, 433 F.3d at 1205-06. In this case, Defendant has asserted a lack of contacts with Idaho; its principal place of business and executive offices are in Chicago, Illinois. *Lerum Dec.* ¶ 9-10, Dkt. 23-1. Pechiney Metals is "not licensed or qualified to do business in the State of Idaho," has no agent for service of process in Idaho, and maintains no office, corporate records, bank account, telephone listing, or mailing address in Idaho. *Id.* ¶¶ 12-17. Defendant acknowledges that it was named as a party to be released in a settlement agreement reached by Plaintiffs in July of 2009. But Defendant argues that this alone, does not establish a controversy with respect to facts bearing on jurisdiction.

According to Pechiney Metals, "Pechiney Metals Corporation" – and not Pechiney Metals, LLC, as implied by Plaintiffs – was listed by the EPA as a potentially responsible party in the First Five-Year Review of the Blackbird Mine Site, Lemhi, Idaho, in 2008. In evidence newly submitted by Plaintiffs, "Pechiney Metals Corporation" appears to have written checks in April and June of 2009, totaling roughly $9,300, to Plaintiff Misty Andersen to compensate her for contaminated belongings. *See Andersen Aff.*, Dkt. 35-2.

As Plaintiffs note – again, in newly submitted evidence – "Roland Paul c/o Pechiney Corporation" is listed as incorporator in the 1992 Certificate of Incorporation of Pechiney Metals Corporation; the parties acknowledge that Pechiney Metals Corporation converted to Pechiney Metals, LLC in 2004. This conversion was before the 2008 Five-Year Review of the Blackbird Mine Site, before checks were issued to Misty Andersen in April and June 2009, and before Plaintiffs' Release Agreement in July 2009.

Plaintiffs have requested a stay to permit jurisdictional discovery. The district court has broad discretion to permit or deny discovery, and its decision "will not be reversed except upon "the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Boschetto*, 539 F.3d at 1020. "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Id*. To satisfy Rule 56(f), a moving party's supporting affidavit must set forth specific facts it expects from discovery, and not just references to a need for discovery. *State of Cal., on Behalf of Cal. Dep't of Toxic Substances Control, v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).

The Court here finds that Plaintiffs have asserted sufficient facts to raise a question as to Pechiney Metals, LLC's involvement in this lawsuit. It is unclear what the connection is, if any, between Pechiney Metals, LLC – the Defendant here – and Pechiney Metals Corporation. The Court will allow a limited stay of 60 days for Plaintiffs to conduct jurisdictional discovery. Plaintiffs must file an amended complaint,

including such allegations that would support a claim or claims against Pechiney Metals, LLC by January 3, 2011. If Plaintiffs fail to amend by this deadline, the Court will dismiss Pechiney Metals, LLC for lack of personal jurisdiction.

In light of the acceptance of service filed August 5, 2010 (Dkt. 18), the Court finds that there is no basis to dismiss Pechiney Metals, LLC for lack of service.

## ORDER

**IT IS ORDERED THAT:**

1. Pechiney Metals' Motion to Dismiss (Dkt. 23) is **DENIED**.

2. Plaintiffs' Plaintiffs' Motion to Stay (Dkt. 31) is **GRANTED**.

3. Plaintiffs shall have until January 3, 2011 to file an amended complaint to assert jurisdictional allegations against Pechiney Metals.

DATED: **November 3, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge