M. Michael Sasser, Esq. [ISB No. 1666]
SASSER & INGLIS, P.C.
W. Judith Lane, Suite 100
P.O. Box 5880
Boise, Idaho  83705
Telephone:  (208) 344-8474
Facsimile:  (208) 344-8479

Theodore L. Garrett, Esq.
Thomas E. Hogan, Esq.
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2401
Telephone:  (202) 662-5398
Facsimile:  (202) 778-5398

Attorneys for Defendants Intalco Aluminum Corporation,
Alumet Corporation, and Pechiney Metals, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TOM JOHANSEN and SANDY JOHANSEN; BRETT ANDERSEN and MISTY ANDERSEN, in their individual capacities and as natural guardian for B.A.; JOHN JOHANSEN; JAMI JOHANSEN; and MARIE JOHANSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>NORANDA MINING, INC.; NORANDA EXPLORATION, INC.; POLYONE CORPORATION; ALUMET CORPORATION; BLACKBIRD MINING COMPANY, a Limited Partnership; INTALCO ALUMINUM CORPORATION; and PECHINEY METALS, LLC,<br><br>Defendants. | Case No.:  4:10-cv-00257-BLW<br><br><br>**STIPULATION FOR PROTECTIVE ORDER** |

**STIPULATION FOR PROTECTIVE ORDER - 1.**

WHEREAS, Plaintiffs[1] and Defendants[2], collectively the "Parties," have stipulated that the following terms and conditions shall govern the treatment of confidential documents and information disclosed in discovery by the Parties in connection with this litigation, as follows:

1. For purposes of this Stipulation and proposed Protective Order, "CONFIDENTIAL INFORMATION" shall mean all information or material:

     a)   which is produced by or for or disclosed to a Party in discovery in this action; and

     b)   which has been so designated in the manner set forth in paragraph 3 or 4; and

     c)   which reveals or reflects any or all of the following information: (i) information that law or agreement requires to be kept confidential, (ii) trade secret or other commercial information that is not publicly available or (iii) Plaintiffs' personal, financial, health, or medical information that is not publicly available; and

     d)   which has not heretofore been presented to this Court in these proceedings.

2. The Parties and their attorneys shall make a good faith effort to denominate as confidential only information that satisfies the requirements for CONFIDENTIAL INFORMATION set forth in paragraph 1.

---

[1] Plaintiffs are Tom Johansen and Sandy Johansen; Brett Andersen and Misty Andersen, in their individual capacities and as natural guardian for B.A.; John Johansen; Jami Johansen; and Marie Johansen.

[2] For purposes of this Stipulation and proposed Protective Order, Defendants are Noranda Mining, Inc.; Noranda Exploration, Inc.; Alumet Corporation; Blackbird Mining Company, a Limited Partnership; Intalco Aluminum Corporation; and Pechiney Metals, LLC.

**STIPULATION FOR PROTECTIVE ORDER - 2.**

3.   CONFIDENTIAL INFORMATION contained in physical objects or documents shall be designated by any practicable means, including placing on the thing so designated, such that it will not interfere with its legibility, an appropriate notice such as "CONFIDENTIAL" on the cover or first page and on each page containing CONFIDENTIAL INFORMATION.  In the case of pleadings and written responses to discovery requests, CONFIDENTIAL INFORMATION shall be designated by a short statement indicating that the specified information is "CONFIDENTIAL" in accordance with the provisions of this Order.  A failure to designate material or information as CONFIDENTIAL INFORMATION at the time it is first produced shall not be deemed a waiver of a right to later make such designation prior to the final termination of these proceedings.

4.   All deposition transcripts shall be treated as presumptively confidential for a period of 30 days beginning on the date the deposition transcript becomes available.  During that 30-day period, any Party may designate all or part of a deposition transcript as CONFIDENTIAL INFORMATION by providing written notification to the other Party of the page and line numbers in the transcript that contain testimony deemed confidential.  The Party so designating all or part of a deposition transcript, shall include in its written notice an instruction that each Party affix the following legend to the front of any copy of the relevant deposition transcript in its possession:  "THIS DEPOSITION TRANSCRIPT AND/OR CERTAIN EXHIBITS THERETO CONTAIN CONFIDENTIAL INFORMATION SUBJECT TO COURT ORDER." If, after a period of 30 days following a deposition, no Party has designated any part of the deposition transcript as CONFIDENTIAL INFORMATION, the transcript will be deemed non-confidential.

**STIPULATION FOR PROTECTIVE ORDER - 3.**

5.   The Parties and their attorneys shall not use CONFIDENTIAL

INFORMATION except in this action and shall not disclose the documents and information to

any person except as provided in paragraph 6.

6.   Inspection, review, and reproduction of confidential documents and

information shall be limited to:

a)   the Court and its personnel;

b)   the Parties;

c)   counsel for a Party, as well as paralegals, other administrative and
staff personnel, and independent contractors hired for the purpose
of reproducing (e.g., scanning, copying) confidential documents
and information, that assist counsel for a Party;

d)   consultants or experts retained by a Party or counsel for a Party to
assist in the preparation of this case for trial;

e)   experts retained by a Party for purposes of testifying in this case;

f)   non-party witnesses to prepare for deposition or trial and during
deposition or trial, provided that witnesses are not given a copy of
any such document to take from the place of deposition or trial or
from the place of preparation for deposition or trial; and

g)   court reporters, stenographers, or videographers hired to transcribe
or videotape a deposition in this matter.

Except upon the prior written consent of the producing person, any person

described in subparagraphs (b) through (f) above to whom CONFIDENTIAL INFORMATION

is disclosed shall treat all such CONFIDENTIAL INFORMATION as confidential pursuant to

the terms of this Stipulation and proposed Protective Order and shall use such CONFIDENTIAL

INFORMATION only for purposes related to this action.  The term "producing person" refers to

any person providing CONFIDENTIAL INFORMATION for use in this action.

**STIPULATION FOR PROTECTIVE ORDER - 4.**

7.  Each Party's counsel shall have the affirmative duty to furnish a copy of this Order to any such person who obtains access to the documents designated as confidential through that Party's counsel.  Individuals who are permitted access to the confidential documents are hereby ordered not to show, convey, or reproduce any documents so designated or parts thereof, or copies thereof, or any matters contained therein, or extracts or summaries thereof, to any individual or entity who would not otherwise have access to the documents deemed confidential under the provisions of the proposed Protective Order.

8.  Nothing in this Stipulation and proposed Protective Order shall preclude the Parties from submitting confidential documents to the Court as trial exhibits or in connection with motions or other papers filed with the Court.  However, unless the Parties agree otherwise in writing or until an order of this Court otherwise directs, all CONFIDENTIAL INFORMATION and all pages of any briefs, affidavits, transcripts or tapes, exhibits, and any other papers containing quotes or summaries of material that has been designated as CONFIDENTIAL INFORMATION that are hereafter presented to this Court shall be sealed, marked with the legend "CONFIDENTIAL INFORMATION – Not to be Opened Except by Court Authority or by Written Agreement of All Parties," and filed with the Clerk of the Court, or as otherwise directed by the Clerk of the Court.

9.  No part or parts of the restrictions imposed by paragraphs 1 through 7 above may be terminated except by a written stipulation by the Parties hereto or by an Order of this Court for good cause shown.

10.  Nothing in this Stipulation and Protective Order shall be deemed to preclude a Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to any confidential documents as it may deem appropriate.

**STIPULATION FOR PROTECTIVE ORDER - 5.**

11.  After the final termination of these proceedings, the provisions hereof relating to the access and use of CONFIDENTIAL INFORMATION shall continue to be binding upon all persons entitled to access under the terms of this Stipulation and Protective Order, and the Parties shall within 30 calendar days return to the producing Party or destroy all documents containing CONFIDENTIAL INFORMATION and all copies thereof, whether in their possession or in the possession of their counsel or any experts or consultants.

12.  This Stipulation and proposed Protective Order is not meant to cover the adjudication of claims regarding attorney-client privilege or work product documents or materials, or other documents or materials otherwise not subject to disclosure.

13.  It is specifically agreed that making confidential materials or documents available for inspection and the production of confidential information, materials, or documents shall not constitute a waiver of any claim of confidentiality, and the production of such information, materials, or documents shall not be considered as an acknowledgment that the information, materials, or documents may be admissible into evidence at the trial of this action.

14.  If, pursuant to subpoena, court order, discovery request, or other legal process, a Party or its counsel is requested or directed to disclose CONFIDENTIAL INFORMATION that is within its possession, custody, or control solely by reason of its production by another Party, the receiving Party shall provide notice of the same to counsel of record for the producing Party by overnight courier and fax or email.  The receiving Party shall not disclose CONFIDENTIAL INFORMATION prior to the return date.

**STIPULATION FOR PROTECTIVE ORDER - 6.**

15. If any Party objects to the designation of any information or material as CONFIDENTIAL INFORMATION, that Party shall promptly notify all other Parties in writing at least ninety (90) days before the scheduled trial date, specifying the factual and legal basis for the objection. If a dispute arises that cannot be resolved by agreement, then the dispute will be submitted to the Court. Pending such determination, the records shall be maintained as CONFIDENTIAL INFORMATION.

16. This Stipulation and proposed Protective Order shall not prevent any Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modification of the proposed Protective Order, subject to the approval of the Court.

**STIPULATION FOR PROTECTIVE ORDER - 7.**

It is so stipulated.

DATED this 23rd day of December, 2010.

TOM JOHANSEN and SANDY
JOHANSEN; BRETT ANDERSEN and
MISTY ANDERSEN, in their individual
capacities and as natural guardian for B.A.;
JOHN JOHANSEN; JAMI JOHANSEN;
and MARIE JOHANSEN.

By their counsel,

_____
Kent A. Higgins
Merrill & Merrill, Chtd.
109 North Arthur -- 5th Floor
P.O. Box 991
Pocatello, Idaho  83204-0991

NORANDA MINING, INC.; NORANDA
EXPLORATION, INC.; BLACKBIRD
MINING COMPANY, a Limited
Partnership.

By their counsel,

_____
Bruce M. Smith
Moore Smith Buxton & Turcke, Chtd.
950 W. Bannock Street, Suite 520
Boise, Idaho  83702


ALUMET CORPORATION, INTALCO
ALUMINUM CORPORATION, and
PECHINEY METALS, LLC

By their counsel,

_____
M. Michael Sasser, Esq. [ISB No. 1666]
SASSER & INGLIS, P.C.
1902 W. Judith Lane, Suite 100
P.O. Box 5880
Boise, Idaho  83705
(208) 344-8474

Theodore L. Garrett, Esq.
Thomas E. Hogan, Esq.
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2401
(202) 662-5398


**STIPULATION FOR PROTECTIVE ORDER - 8.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _23rd_ day of December, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

- **Theodore L Garrett**
  tgarrett@cov.com

- **Kent A Higgins**
  khiggins@merrillandmerrill.com

- **Thomas E Hogan**
  thogan@cov.com

- **M Michael Sasser**
  mms@sasseringlis.com,ceh@sasseringlis.com

- **Bruce M Smith**
  bms@msbtlaw.com,cam@msbtlaw.com

M. Michael Sasser

**STIPULATION FOR PROTECTIVE ORDER - 9.**