IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TOM JOHANSEN and SANDY JOHANSEN; BRETT ANDERSEN and MISTY ANDERSEN, in their individual capacities and as natural guardian for B.A.; JOHN JOHANSEN; JAMI JOHANSEN; and MARIE JOHANSEN,<br><br>      Plaintiffs,<br><br>    v.<br><br>NORANDA MINING, INC.; NORANDA EXPLORATION, INC.; POLYONE CORPORATION; ALUMET CORPORATION; BLACKBIRD MINING COMPANY, a Limited Partnership; INTALCO ALUMINUM CORPORATION; and PECHINEY METALS, LLC,<br><br>      Defendants. | Case No. 4:10-cv-00257-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

      Before the Court are motions to dismiss for lack of subject matter jurisdiction filed by Defendants Noranda and Blackbird Mining (Dkt. 45), and Defendants Intalco, Alumet, and Pechiney Metals (Dkt. 51). Defendants Noranda and Blackbird Mining also asked that the Court stay proceedings (Dkt. 46) pending resolution of the motions to dismiss, to which Plaintiffs filed a non-opposition (Dkt. 48). Plaintiffs have failed to timely respond to the motions to dismiss. On consideration of the record and Defendants' supporting memoranda, the Court will grant the motions to dismiss, rendering moot the motion to stay.

**MEMORANDUM DECISION & ORDER - 1**

**BACKGROUND**

Plaintiffs are prior residents or owners of property on Panther Creek in Lemhi County, Idaho, or spent significant time residing in or visiting the area. Plaintiffs brought this action against Defendants for damages related to the clean up of hazardous materials at the Blackbird Mine Site, a roughly 830 acre area of land in Lemhi County. *Am. Compl.*, Dkt. 44. Defendants argue that the Court lacks subject matter jurisdiction over this case because there is not complete diversity among Plaintiffs and Defendants, as required by 28 U.S.C. § 1332(a)(1).

**ANALYSIS**

**1.      Failure to Timely Respond**

As an initial matter, the Court notes that Plaintiffs have yet to file a response to either motion to dismiss, due respectively in early and mid-February 2011, under Local Civil Rule 7.1. The Ninth Circuit has held that a district court may properly grant a motion to dismiss pursuant to a local rule, for failure to respond. *See generally Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Also, the local rules expressly provide that a party's failure to file either a notice of non-opposition, or a memorandum in opposition to a motion, may be deemed as a consent to the relief requested. D. Id. L. Civ. R. 7.1(e).

In September 2010, during a case management conference, the Court noted its concern that Plaintiffs had filed no response to a Motion by Defendant Pechiney Metals (Dkt. 23) to dismiss for lack of personal jurisdiction. *See Order*, Dkt. 28 at 2. Counsel for Plaintiffs indicated he mistakenly believed the response was not yet due. The Court

admonished Plaintiffs' counsel to monitor deadlines in this matter, but finding no prejudice to Defendant, gave counsel additional time to respond. Concerning the two motions at issue here, the Court's concerns have not been alleviated. Plaintiffs' failure to timely respond may properly be deemed consent to the relief requested. Nonetheless, the Court examines the record and memoranda before it.

**2.    No Subject Matter Jurisdiction**

Plaintiffs allege subject matter jurisdiction under 28 U.S.C. § 1332, based on diversity of citizenship of the parties, and that the amount in controversy exceeds the statutory minimum of $75,000.[1] *Am. Compl.*, ¶ 1. According to the Amended Complaint, Plaintiffs are all citizens of Idaho, and Defendants are out-of-state corporations. *Id.*, ¶¶ 3-13. In their motions to dismiss, Defendants dispute that diversity jurisdiction is satisfied, asserting that one or more defendants are in fact "citizens" of Idaho.

To invoke jurisdiction based on diversity of citizenship, each of the plaintiffs must be a citizen of a state other than any state in which any of the defendants is a citizen. 28 U.S.C. § 1332(a)(1); *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998). Where even one defendant shares citizenship with any of the plaintiffs, jurisdiction is lost. Although a Court may exercise discretion to dismiss a party, Fed. R. Civ. P. 21, however the dismissed party must be dispensable. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837 (1989).

---

[1]Plaintiffs have not alleged any federal claims, nor have they asserted federal question jurisdiction. *Am. Compl.*

David E. Hart is the Vice President for Noranda Mining, Inc., Noranda Exploration Inc., and Noranda Blackbird Corporation. *Hart Aff.*, Dkt. 47, ¶ 2. According to Hart's affidavit, Defendant Noranda Mining Inc. is the general partner for Defendant Blackbird Mining Company, which is an Idaho limited partnership with a physical office in Salmon, Idaho. *Hart Aff.*, ¶¶ 3, 6. Hart also provides that Noranda Blackbird Corporation is the limited partner for Blackbird Mining Company, and that Noranda Blackbird Corporation succeeded Defendant PolyOne Corporation, acquiring PolyOne Corporation's interests in the Blackbird mine. *Id.* Hart further asserts that, although they "have no employees," the sole business activity of Defendants Noranda Mining, Noranda Exploration, and Blackbird Mining Company is remediation of the Blackbird Mine. *Id.*, ¶ 4. According to Hart, Blackbird Mining Company has four employees, who all live in Salmon, Idaho and perform the business of Noranda Mining Inc., Noranda Exploration Inc., and Blackbird Mining Company – remediation of Blackbird Mine. *Id.*, ¶ 6.

A corporation is a citizen of any state where it is incorporated or where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Given the facts set forth in Hart's affidavit, the Court finds that at least one Defendant, Blackbird Mining Company, is a citizen of Idaho. The Court also finds this party is not dispensable. The affidavit also seems to support a finding that the principal place of business, or corporate "nerve center" for Defendants Noranda Mining Inc. and Noranda Exploration Inc. – also indispensable in this action – is also Idaho. *See Hertz v. Friend*, 130 S.Ct. 1181, 1192 (2010). The burden of persuading the Court that diversity jurisdiction is satisfied rests with plaintiff. *Id.* at

1195. Plaintiffs having failed to respond or otherwise meet their burden, the Court finds that dismissal for lack of subject matter jurisdiction is appropriate.

## ORDER

**IT IS ORDERED THAT:**

1. Defendants' Motions to Dismiss (Dkts. 45 and 51) are **GRANTED**.

2. Defendant's Motion to Stay (Dkt. 46) is deemed **MOOT**.

3. The hearing set for March 16, 2011 in Pocatello is **VACATED**.

4. This matter is hereby dismissed.

DATED: **March 2, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge